UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF S. HARNDEN,<br><br>         Plaintiff,<br><br>    vs.<br><br>O. SMITH, et al.,<br><br>         Defendants. | 1:15-cv-00461-LJO-GSA-PC<br><br>ORDER DISMISSING ACTION UNDER 28 U.S.C. § 1915(g), WITHOUT PREJUDICE TO REFILING WITH SUBMISSION OF $400.00 FILING FEE IN FULL<br>(Doc. 1.)<br><br>ORDER FOR CLERK TO CLOSE CASE |

## I. BACKGROUND

Jeff S. Harnden ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on March 25, 2015. (Doc. 1.) Plaintiff has not paid the $400 filing fee for this action or submitted an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

## II. THREE-STRIKES PROVISION OF 28 U.S.C. § 1915

28 U.S.C. § 1915 governs proceedings in forma pauperis. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Therefore, if a plaintiff has three qualifying dismissals or "strikes," he may bring a civil action without complete prepayment of the $400.00

filing fee only if he alleges that he is in *imminent* danger of serious physical injury.  28 U.S.C. § 1915(g) (emphasis added).

At least three of Plaintiff's prior actions were dismissed as frivolous, as malicious and/or for failure to state a claim.[1]  See Harnden v. Scribner, No. CV F-05-1274-LJO-WMW, 2008 WL 818932 at *1 (E.D. Cal. March 24, 2008) (denying in forma pauperis status based on three strikes under § 1915(g) and citing cases)[2]; Harnden v. Fitzsimmons, No. CV 96-01500-JE (D. Or. Dec. 13, 1996) (same); Harnden v. Campbell, No. CV 96-06086-PA (D. Or. Sept. 9, 1996) (dismissed as frivolous).  Therefore, Plaintiff cannot proceed in this case without paying the filing fee unless he alleges in the Complaint that he is in imminent danger of serious physical injury.

## III.   FAILURE TO ALLEGE IMMINENT DANGER

The Court has reviewed Plaintiff's Complaint and finds that Plaintiff does not meet the imminent danger exception.  See Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007).  The gravamen of Plaintiff's Complaint is that on May 30, 2014, he was attacked and stabbed by another inmate, Garafalo, who attempted to murder Plaintiff, causing serious injuries.  Plaintiff claims that defendants (correctional officers) are responsible for the attempted murder because they failed to properly document Plaintiff's known enemies, including Garafalo, instigated the attempted murder, and watched, doing nothing, as Plaintiff was attacked.  Plaintiff claims there is an imminent threat to his life because correctional officers have "complete ability to do it again." Complaint, Doc. 1 at 3:17-18.  Plaintiff requests monetary damages as relief.

In Andrews, the Ninth Circuit adopted the view that "requiring a prisoner to 'allege [ ] an ongoing danger' - the standard adopted by the Eighth Circuit - is the most sensible way to interpret the imminency requirement." Andrews, 493 F.3d at 1056, citing Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 2003).   Andrews held that the imminent danger faced by the

---

[1] Plaintiff has filed more than 40 cases in California and Oregon District Courts.

[2] The cases identified as dismissed for failure to state a claim are: Harnden v. Ayers, No. C 99-2138 (N.D. Cal. June 23, 1999); Harnden v. Arcata, No. C 97-4210 CW (N.D. Cal. Jan. 13, 1998); Harnden v. Del Norte County Sheriff's Dept., No. C 96-4086 CW (N.D. Cal. May 15, 1997).

prisoner need not be limited to the time frame of the filing of the complaint, but may be satisfied by alleging a danger that is ongoing.  Therefore, Plaintiff can satisfy the imminent danger exception by alleging an ongoing threat.  Where Plaintiff fails, however, is that he fails to allege facts indicating that the threat he is under is ongoing within the meaning of <u>Andrews</u>, or more than speculative.

The plaintiff in <u>Andrews</u> alleged facts indicating a particular, present, threat to his life.  He alleged that he was at risk of contracting HIV and that he had already contracted hepatitis C, because of his exposure to other prisoners who had those contagious diseases due to prison officials' policy of not screening prisoners for such diseases.  In contrast, the threat Plaintiff alleges was speculative at the time he commenced this action, based on his fear that he will, at some time in the future, be subject to harm by correctional officers or another inmate.  These facts do not support the existence of an imminent danger of serious physical injury.  "[T]he availability of the exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time."  <u>Andrews</u>, 493 F.3d at 1053.

Moreover, Plaintiff's allegations in the Complaint are vague and conclusory, without alleging specific facts indicating he is under imminent danger.  Plaintiff alleges "emmenent (*sic*) threat to my life.  CDC records enemies at least 100 then deletes the enemies, to house in a prison of their choice in attempt to cause murder [and] attempted murder by an inmate (for) cops CDC officers with complete ability to do it again (simply watched)." Complaint at 3:15-18.  However, Plaintiff fails to allege facts sufficient to demonstrate that he was under actual threat of harm at the time he filed the Complaint.  While Plaintiff alleges that correctional officers and other inmates are capable of causing him harm, he does not allege specific facts indicating that he has recently been threatened or has knowledge of a planned attack, or other facts supporting his claim of imminent danger.  Plaintiff claims that correctional officers want him to be assaulted or murdered, but no factual allegations support this.  Further, Plaintiff makes no request for relief from imminent danger and requests only monetary damages.

"[A]ssertions of less obviously injurious practices may be rejected as overly speculative or fanciful."  <u>Andrews</u>, 493 F.3d at 1057 n. 11.  Based on the foregoing, the court finds that

Plaintiff fails to allege the imminent danger of serious physical injury necessary to bypass § 1915(g)'s restriction on his filing suit without prepayment of the filing fee.

Accordingly, Plaintiff may not proceed in forma pauperis in this action, and must submit the appropriate filing fee in order to proceed with this action. This action shall be dismissed, without prejudice to refiling with the submission of the $400.00 filing fee in full.

## IV. CONCLUSION

Based on the foregoing, it is HEREBY ORDERED that:

1. Pursuant to 28 U.S.C. § 1915(g), Plaintiff may not proceed in forma pauperis with this case;

2. This action is DISMISSED, without prejudice to refiling with the submission of the $400.00 filing fee in full; and

3. The Clerk is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:  **March 27, 2015**               **/s/ Lawrence J. O'Neill**
                                         UNITED STATES DISTRICT JUDGE